Maximilian Moss, S.
Construction of testator’s will is required respecting the disposition of one eighth of the residuary estate 'bequeathed to the children of his daughter Gertrude under paragraph Fourth, subdivision (d). The will was executed on February 13, 1952. and the testator died on December 1, 1958. Gertrude never had any children.
Paragraph “ Seventh ” of testator’s will provided as follows: “ In the event that the bequests hereinbefore made for any of my grandchildren shall fail by reason of the fact that my grandchildren shall have predeceased me, then and in that event, I direct that the bequest made for such grandchildren shall be paid to my daughter, bella zeiger. ’ ’
Inasmuch as testator’s daughter Gertrude had no children when testator executed his will, the provision for grandchildren by Gertrude was for grandchildren who might thereafter be born, and as no grandchildren by Gertrude were in being at testator’s death, the bequest to such grandchildren became payable to testator’s daughter Bella. Additionally, Bella was not left a fixed percentage of the residuary estate but was given ‘ ‘ All the rest, residue and remainder thereof ’ ’ under paragraph *29 Fourth, subdivision (f). Bella was also bequeathed testator’s household furniture and effects and a diamond ring. All factors appearing herein tend to establish that Bella was the primary object of testator’s bounty and that he did not intend to die intestate with respect to any portion of his estate. Upon the whole will the court construes the bequest under paragraph Fourth, subdivision (d) to the children of Gertrude as passing to testator’s daughter Bella by virtue of paragraph Seventh thereof, and independently of that paragraph under the general residuary bequest to her as provided by paragraph Fourth, subdivision (f). The will is so construed. Settle decree on notice.